UNITED STATES OF AMERICA DISTRICT COURT
DISTRICT OF Puerto Rico

Manuel, Garcia
v.
Warden, MDC Guaynabo.

23-cv-1285 PAD

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 JUN 2 AM 11:08

## Motion For Habeas Corpus per U.S.C. § 2241:

I am an inmate with the Federal Bureau of Prisons at the MDC institute in Guaynabo, Puerto Rico, submits this motion for habeas corpus per 28 U.S.C § 2241 and states the following.

I pray that this motion be liberally construed and held to a less stringent standard than those drafted by attorney's. Haines v. Kerner, 404 U.S. 519, 520, 30 L.Ed 2d 652, 92 S.ct 594 (1971), See also Ayala Serrano v. Lebron Gonzales, 909 F.2d 8, 15 (1st Cir. 1990).

### Background:

I was convicted of a non-disqualifying charge per First Step Act with a projected release date of: 10:18:2025 I have earned a substantial amount of the First Step Act earned time credits 18 U.S.C § 3624 (a)(4) through successful completion of Evidence Based Recidivism Reduction

(EBRR) and Productive Activities (PA) which should ensure me a new projected release date.

<u>Relevant Facts and Claims:</u>

I respectfully request this honorable Court to enter a judicial reccommendation with and order for the Bop to immediately update my status to "eligible" as the Bop falsely Classifies me as "ineligible" and to order the Bop to apply my Earned Time Credits per First Step Act towards my Supervised release which would update my projected release date to account for my program days. Attempting to exhaust adminstrative remedies would be futile based on Bop's Wrongful Construction of the legislation and false classification as a result. At such, this motion is ripe for review. See Pihl V. Mass Dep't of Educ, 9 F.3d 184, 190 (1st Cir, 1993)

See Moody V. Gubbiotti, 2022 U.S. Dist. Lexis 181399(3rd Cir. 2022) (court ruling a detainer does not preclude an inmate from earning early release and ordering Bop to credit ETC towards Supervised release). at *23 - Foot notes #3 (Because the Petitioner raised claim of statutory construction, exhausting administrative remedies is not required.)

The Supreme Court recognizes "three broad sets of Circumstances in which the interests of the individual weigh heavily against requiring andministrative exhaustion." McCarthy V. Madigan, 503 U.S. 140, 117 L. Ed 291, 112 S. Ct. 1081

(1992) at 144-145, see also Campbell V. Chadbourne, 505 F.Supp. 2d 191, 2007 U.S. Dist. Lexis 65150 (D.Mass. 2007) 197-198.

They include:

① Where such requirement would subject an individual to an unreasonable or indefinite time frame for admin action.

② Where admin agency lacks the competence to resolve the particular issue presented, or

③ The exhaustion of admin remedies would be futile because the admin body is shown to be biased or has predetermined the issue before it. Shurney V. In.S., 201 F.Supp. 2d 783, 789 (N.D. Ohio 2001) (citing McCarthy V. Madigan, 503 U.S. at 146-148) Here in this motion, all three circumstances apply.

## Standards:

Federal Rules of Civil Procedures 56 states, as to a party who has moved for summary judgement. "The Court shall grant summary judgement if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgement as a matter of law."

## Merits of First Step Act Earned time Credit

I have earned a substantial amount of "First Step Act" (FSA) "Earned Time Credit" (ETC), both programs that should have ensured my projected release date is updated to a new date but as at the time of the filing of this motion, my status wrongly states "ineligible" which is a false classification by the Bop and my projected release date remains unchanged.

It has been 4 years since the enactment of the FSA legislation and the Bop began applying these FSA ETC since January 2022 and ought to have applied my ETC towards ~~has~~ my release date but the Bureau of Prison (Bop) has been fraudulent with the handling of these Credits.

By the plain text of the 2018 First Step Act legislation, i am eligible for early release and the Bop's wrong Construction here is a violation of my constitutional right. Based on recent court ruling regarding this subject, it is a well-established fact that there is nothing whatsoever in the FSA legislation that supports the Bop's Claim. Although i have a detainer with ICE, ~~be~~ I am however not a subject of a final deportation order. They only criteria the legislation precludes are certain charges which i was not convicted of. By the plain text of the statute, i am eligible for application of the FSA Earned time Credit toward early transfer to supervised release. The Bop's Construction of this legislation is at best incongrous and at worst, legerdemain.

Both Equal protection and due Process emphasizes the central aim of our judicial system - all people charged with a crime must, so far as the law is concerned, "stand on equality before the bar of justice." Chambers V. Florida, 309 U.S 227, 241 84 L.Ed 716, 60 S.ct 472. See also Yick Wo V. Hopkins, 118 U.S 356, 369, 30 L.Ed 220, 226, 6 S.ct 1064. 42 U.S.C §§ 1981 and 1985(3) of the Constitution of this law states that all persons within the jurisdiction of the United States shall have the same right and to the full and equal benefit of all laws and shall be subject to like punishment, pain, penalties, exactions of every kind and to no other.

Deprivation of my ETC does not comport with fundametal fairness, and is discriminative, and brings about an unwarranted disparity and violates my due process right as Bop is enforcing a void order of removal which i do not possess, thereby violating my due process rights.

The Bop's fraudulent handling of the FSA legislation violates my liberty interest. A court that recently ruled on this subject ruled that an inmate with a detainer is not ineligible under 18 U.S.C § 3632 (d)(4)(E)(i) or (ii) from receiving or earning FSA time credits because he is not subject to a final order of removal, granting immediate release. See 2023 U.S. Dist. Lexis 6938 (W.D. Wash. Jan 13, 2023) Sierra V. Jacquez, Case No. 2:22-cv-01509 U.S. Dist. Lexis 234535 (W.D. Wash. Dec 27

2022). The Court's ruling is not an isolated ruling as the 1st Circuit also recently ordered that a defendant in the district Jerry Komando be Credited with his Earned Time Credit.

It is well established that the Bop has demonstrated bad faith by its handling of the FSA and based on this fact, i humbly request this Court enter an Order for the Bop to immediately apply my Earned Time Credit to reflect on my projected release date and also to re-evaluate any additional time i may earn within the next 60 days. This is not an isolated request based on my impending and imminent release upon the application of my ETC. See Stewart V. Snider, 2022 U.S. Dist. Lexis 100482 *1-2 (11th Cir. June 6, 2022) (Court ordering Bop to apply Petitioner's ETC and re-evaluate his ETC at a 60 day interval until his release).

I am also stating on the record that the Bop in an attempt to further day delay the application of Credits may request for extension of time to respond and i pray the Court deny such request.

## Conclusion:

Based on the foregoing, i respectfully submits that the Court grant this motion under 28 U.S.C § 2241 in the interest of justice and fairness.

Respectfully Submitted

/S/ Garcia manuel
05-24-2023

Dear Clerks office,
Please find attached for filing (1) Copy of my emergency motion for Habeas Corpus per 28 U.S.C § 2241. Please note that i followed the correct procedures pertaining to the filing fee and i gave it to my ~~las~~ Counselor who told me that the institution will mail the check after the final signature and approval. So i am just making you aware incase my motion arrives before the filing fee. Thanks for your understanding.

/S/ Garcia manuel
05-24-2023